IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARLENE SABIN,<br>    Plaintiff,<br>         v.<br><br>SHOWBOAT CASINO ATLANTIC CITY,<br>    Defendant. | CIVIL NO. 09-5891(NLH)(AMD)<br><br>OPINION |

**APPEARANCES:**

DENNIS A. DRAZIN
DRAZIN & WARSHAW, PC
25 RECKLESS PLACE
PO BOX 8909
RED BANK, NJ 07701

    On behalf of plaintiff

CHRISTOPHER C. MAURO
CAMACHO MAURO MULHOLLAND, LLP
12 ROSZEL ROAD - SUITE A-204
PRINCETON, NJ 08540

    On behalf of defendant

**HILLMAN**, District Judge

    Pending before the Court is the motion of defendant, Atlantic City Showboat, Inc., d/b/a Showboat Casino Hotel, to dismiss the complaint of plaintiff, Marlene Sabin, for her failure to file her personal injury complaint within the applicable statute of limitations. For the reasons expressed below, defendant's motion will be granted.

## BACKGROUND

    According to plaintiff's complaint, on November 13, 2007, she was a business invitee at the defendant casino in Atlantic City,

New Jersey. Plaintiff claims that the casino was operated in such a careless and negligent manner that it caused plaintiff to be abducted. As a result of defendant's conduct, plaintiff claims that she suffered, continues to suffer, and will suffer in the future great pain and anguish, resulting in medical treatment and loss of time from employment and activities.[1]

On November 18, 2009, plaintiff, a citizen of New York, filed suit against defendant in this Court. Defendant subsequently moved to dismiss plaintiff's complaint because she did not file it within the two-year statute of limitations which applies to personal injury actions brought pursuant to New Jersey law. Plaintiff has opposed defendant's motion, arguing that New York law--and its three-year statute of limitations--applies, and therefore her complaint was timely filed. Alternatively, plaintiff asserts that the principle of equitable tolling saves her complaint.

---

[1] Although plaintiff's opposition to defendant's motion explains in great detail the circumstances surrounding her alleged abduction, plaintiff's complaint contains the bare bone allegations described herein. Because it is not dispositive to the statute of limitations argument, the Court will make no determination as to whether plaintiff's complaint complies with the federal pleading requirements. Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, because the Court may not look beyond the content of the pleadings, the Court will not elaborate upon plaintiff's allegations or consider them in resolving the motion now before the court. See Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999).

2

**DISCUSSION**

    **A.**    **Subject Matter Jurisdiction**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

    **B.**    **Standard for Considering a Statute of Limitations Argument on a Motion to Dismiss**

If a statute of limitations issue is apparent on the face of plaintiff's complaint, the Court may properly consider the statute of limitations defense in a Rule 12(b)(6) motion. Zankel v. Temple University, 245 Fed. Appx. 196, 198 (3d Cir. 2007) (citing Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (quoting Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975)) ("Although Rule 12(b) does not explicitly permit the assertion of a statute of limitations defense by a motion to dismiss, the so-called 'Third Circuit Rule' allows a defendant to assert a limitations defense in a Rule 12(b)(6) motion 'if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'").

    **C.**    **Analysis**

Defendant argues that plaintiff's complaint must be dismissed because she filed it five days late. New Jersey law provides, "Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State

shall be commenced within 2 years next after the cause of any such action shall have accrued . . . ." N.J.S.A. 2A:14-2(a). Because plaintiff's alleged injuries occurred on November 13, 2007, but she did not file her complaint until November 18, 2009, defendant contends that it is time-barred.

Plaintiff does not dispute that she filed her complaint after the November 13, 2009 deadline under New Jersey law. Plaintiff argues, however, that New York law should apply to her case. New York provides for a three-year statute of limitations to personal injury actions, see N.Y. Civ. Prac. L. & R. § 214, and, since New York law applies, plaintiff contends that she timely filed her complaint. Alternatively, plaintiff argues that extraordinary circumstances exist such that even if New Jersey law applied, the limitations period should have been tolled.

With regard to plaintiff's argument that New York law should apply, plaintiff contends that she could have instituted her action in a New York court, since defendant is subject to personal jurisdiction there and she is a citizen of New York. Plaintiff argues that because New York law would apply in a New York court, she should not be penalized for bringing her case in New Jersey instead. This argument is unavailing and oversimplifies the applicable principles.

As a primary matter, the location of the courthouse is not singularly dispositive of what law will apply to an action. It

does not follow that a New York court will always apply New York law or that a New York plaintiff is entitled to New York law when she sues in a New Jersey court.  Instead, the location of the courthouse only determines which choice-of-law rules are to be applied.  See Robeson Industries Corp. v. Hartford Acc. & Indem. Co., 178 F.3d 160, 165 (3d Cir. 1999) (explaining that a court sitting in diversity must follow the substantive choice-of-law rules of the forum state).  It is the outcome of that choice-of-law analysis which determines what law applies.

Here, New Jersey's choice-of-law rules apply, the forum of Plaintiff's choice.  In tort cases, New Jersey follows the Restatement (Second) of Conflict of Laws (1971), which is the "most significant relationship" test.  P.V. v. Camp Jaycee, 962 A.2d 453, 455 (N.J. 2008).  This choice-of-law test is a two-step analysis in which the Court must first "examin[e] the substance of the potentially applicable laws" to determine whether an actual conflict exists.  Id. at 453.  If there is a conflict, the second step begins with a presumption that the local law of the state of the injury will apply.  Id.  Once that presumptively applicable law is identified, the choice is tested against the following contacts: a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between

5

the parties is centered. Id. Finally, the following interests are considered: the interests of interstate comity; the interests of the parties; the interests underlying the field of tort law; the interests of judicial administration; and the competing interests of the states. Id. If another state has a more significant relationship to the parties or issues, the presumption will be overcome. If not, it will govern. Id.

In this case, there is a clear conflict between the two-year New Jersey limitations period and the three-year New York limitations period. Thus, the presumption of the applicable law is New Jersey, because it is the local law of the state of plaintiff's alleged injury. This presumption is also correct when considering all the factors in New Jersey's conflict-of-laws analysis: New Jersey is the place where the injury, and conduct causing the injury, occurred; defendant is located and incorporated in New Jersey; and the business invitee relationship between plaintiff and defendant is centered in New Jersey. Furthermore, although plaintiff is a citizen of New York, that state has no other connection with or interest in events occurring in an Atlantic City casino, to which the New York resident traveled.[2] Therefore, it is

---

[2] In conjunction with her argument that a New York court could exercise in personam jurisdiction over defendant, plaintiff also argues that New York law applies because defendant solicited her business in New York. Defendant's contacts with New York in the context of personal jurisdiction are not necessarily the same considerations in the choice-of-law analysis. See Allstate Ins. Co. v. Hague, 449 U.S. 302, 320 n.3 (1981) (Stevens, J.

clear that New Jersey law, including New Jersey's statute of limitations, is applicable in this case.[3]

Plaintiff's alternate basis to save her case from dismissal is that New Jersey's statute should have been tolled for equitable reasons.[4]  Plaintiff argues that the insurance adjuster for defendant "continued to attempt to engage in settlement discussions without the necessity of filing suit until shortly before the statute ran and then abandoned communications."  (Pl. Opp. at 6.)  Plaintiff claims that she relied upon the adjuster's representations that they wanted to resolve the matter without litigation, and she was "led into a false sense of security that the defendant wished to resolve the claim."  (Id.)

---

concurring) (explaining that "the Court has made it clear over the years that the personal jurisdiction and choice-of-law inquiries are not the same.").

[3]The Court will not address the hypothetical scenario of what statute of limitations would apply had plaintiff brought her case in a New York court, other than to point out that "New York courts generally apply New York's statutes of limitations, even when the injury giving rise to the action occurred outside New York." Stuart v. American Cyanamid Co., 158 F.3d 622, 626-27 (2d Cir. 1998) (citing Stafford v. International Harvester Co., 668 F.2d 142, 147 (2d Cir. 1981) and further explaining the exception for non-New York residents under New York's "borrowing" statute, C.P.L.R. § 202).

[4]Plaintiff also argues that N.J.S.A. 39:6A-26 warrants the tolling of the statute of limitations.  It is unclear how this provision helps plaintiff, as it concerns automobile accidents and arbitration.  See N.J.S.A. 39:6A-26 (governing Motor Vehicles and Traffic Regulations) ("Submission of a controversy to arbitration shall toll the statute of limitations for filing an action until the filing of the arbitration decision in accordance with section 7 of this act.").

7

If defendant engaged in such conduct, there is a basis in New Jersey law for equitable tolling. For example, in <u>Price v. N.J. Mfrs. Ins. Co.</u>, 867 A.2d 1181 (N.J. 2005), a pedestrian was injured when a motor vehicle struck him, he notified the driver's insurance company of his intention to file an uninsured motorist claim, and the insurance company requested and received various documents from the plaintiff over the course of three and a half years, the last being nine days before the expiration of the statute of limitations. When the plaintiff finally filed his complaint, the insurance company argued that it was time barred, and the plaintiff responded that the insurance company should be estopped from relying on the statute on limitations because it had "lulled" him into believing that he had made a timely claim. The New Jersey Supreme Court found that the undisputed facts supported "an equitable tolling of the statute of limitations" because the insurance company had continually requested more information from the plaintiff regarding his claim for benefits and waited until the statute of limitations had safely run to deny his claim.

That situation is not present here. Aside from the lack of any certification from plaintiff regarding her interaction with defendant's adjuster, a November 4, 2009 letter from the adjuster upon which plaintiff relies undermines her argument. In a letter

8

addressed to plaintiff's previous attorney[5], the claims administrator writes, "A review of the file indicates that there has been no activity on the file since your letter dated December 11, 2007.  We would appreciate if you would reply to my numerous letters and calls to you.  Please advise in writing of the status of your client[']s injuries since the statute is going to run November 13, 2009."  (Pl. Ex. A.)  Thus, not only does this letter evidence that it is the adjuster who is asking for plaintiff's cooperation in resolving the matter, and not the other way around as suggested by plaintiff, but the adjuster informs plaintiff (through her former counsel) of the impending statute of limitations deadline.  Clearly, equitable tolling principles, like those present in Price, are not implicated in this case.

Consequently, because New Jersey's two-year statute of limitations period applies, and plaintiff has not argued a valid basis to toll the two-year period, plaintiff's complaint is time-barred and must be dismissed.  An appropriate Order will be entered.

Date: June 21, 2010                          s/ Noel L. Hillman
At Camden, New Jersey                        NOEL L. HILLMAN, U.S.D.J.

---

[5]The Court presumes the letter is written to plaintiff's former attorney, as it is addressed to "Roy D. Curnow" in Spring Lake Heights, New Jersey, and it regards "your client." Plaintiff has not provided the Court with any explanation of Mr. Curnow's relationship to her or her current counsel, and it does not appear that Mr. Curnow is affiliated with plaintiff's current counsel's firm.

9